There were two actions filed relating to the same incident. The first by the Cannons against the Harrises for damages as a result of injuries sustained by the Cannons caused by Andy Harris. The insurer was a third party defendant in the cause and also filed a separate action for declaratory judgment seeking to avoid any obligation to defend any claim brought against the insured, the Harrises. The cases were never consolidated. Both parties moved for summary judgment, and the trial court granted the insurer's motion for summary declaratory judgment.
Appellant's first assignment of error contends it was error for the trial court to excerpt for Civ.R. 56 purposes an allegation contained in the Cannons' original complaint, which charged Andy Harris "wilfully and maliciously assaulted" Bradley Cannon. The trial court used such allegation in the declaratory judgment matter to determine the intent of Andy Harris. This was error by the trial court.
This court's opinion excuses this error on the basis that the trial court had other valid reasons to grant summary judgment. I believe the first assignment of error should be found well-taken.
The trial court, after setting forth the applicable standard for the granting of a summary judgment, goes forward in the decision and entry and sets forth a factual issue to be decided. Andy Harris' deposition created a genuine issue of material fact. What was Andy Harris' frame of mind? What was his intention at the time he hurled the broken cue stick? The moving party obviously failed in its burden to show no genuine issue of material fact. Andy's intent at that time was the ultimate issue to be decided by the factfinder on the merits, not by the judge on summary judgment.
Nevertheless, the trial court decided the factual issue on summary judgment, and I believe the trial court and the majority of this court decided the question erroneously. The syllabus in Physicians Ins. Co. of Ohio v. Swanson, 58 Ohio St.3d 189, reads as follows:
 In order to avoid coverage on the basis of an exclusion for expected or intentional injuries, the insurer must demonstrate that the injury itself was expected or intended.
The resultant injury must be intended for the exclusions to apply to deny coverage. I must presently disagree with this court's holding in United Ohio Ins. Co. v. Vanosdol, Warren App. Nos. CA92-08-073 and CA92-08-075, unreported. I believe the second assignment of error is well-taken.
It also appears that this court may have considered matters not properly part of the record on appeal but included in the record on motion to supplement the record. My concern is with the court's considering the delinquency finding to support the trial court's decision to grant summary judgment.
While the underlying offense was specified as assault, a juvenile's admission of the acts may not establish the intent required under Swanson, and is therefore not an admission which would allow the insurer to deny coverage. I believe the third assignment of error is well-taken.
Had the trial court considered only the permissible supporting matters, construed them most favorably to the non-moving party, and followed the rationale of Swanson, the motion of the insurer for summary judgment would have been denied. I therefore respectfully dissent.